UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| HAMILTON COUNTY EMERGENCY COMMUNICATIONS DISTRICT, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:04-CV-7 |
| ORBACOM COMMUNICATIONS INTEGRATOR CORPORATION, ORBACOM SYSTEMS, INC., OCI LIQUIDATING LLC, IPC INFORMATION SYSTEMS HOLDING, INC., HERBERT COHEN, and RONALD NEWFIELD, | ) ) ) ) ) ) ) ) | Judge Curtis L. Collier |
| Defendants. | ) | |

**MEMORANDUM**

Before the Court is Defendants Orbacom Communications Integrator Corp.'s and OCI Liquidating LLC's (collectively "OCI") motion for partial reconsideration (Court File No. 174). Defendant requests the Court to reconsider its grant of partial summary judgment in favor of Plaintiff Hamilton County Emergency Communications District ("Plaintiff") on OCI's counterclaim (Court File No. 165). OCI filed a memorandum in support of its motion (Court File No. 175). Plaintiff filed a response (Court File No. 196) and OCI filed a reply (Court File No. 211). For the following reasons the Court will **DENY** OCI's motion for partial reconsideration (Court File No. 174).

I.  **STANDARD OF REVIEW**

OCI's motion to reconsider the previous grant of summary judgment on OCI's counterclaim is a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). Rule 59(e) motions "shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). OCI's motion was filed within ten days after entry of judgment and is therefore timely. A Rule 59(e) motion can be granted for three reasons:

> (1) To correct a clear error of law;
> (2) To account for newly discovered evidence or an intervening change in the controlling law; or
> (3) to otherwise prevent manifest injustice.

*Gen Corp., Inc. v. Amer. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). OCI argues the Court's previous grant of summary judgment is a clear error of law which must be altered or amended to prevent injustice (Court File No. 175, p. 2).

**II.    DISCUSSION**

OCI contends (1) the Court's determination there was no material issue of fact regarding Plaintiff's bad faith in terminating the Contract contradicted the Court's other conclusions and (2) Plaintiff terminated the Contract in bad faith (*Id.* at pp. 2-8).

OCI's argument that the Court's opinion was contradictory is without merit. In its previous memorandum, the Court concluded the ten month deadline was not necessarily enforceable, OCI may not have been able to completely finish its end of the deal without necessary data from Plaintiff, and Plaintiff may have been delinquent in payments owed to OCI (Court File No. 164, pp. 11-14). However, these conclusions do not contradict the Court's determination that Plaintiff had the right to terminate the Contract. OCI granted Plaintiff the right to terminate the Contract if "[OCI] in the judgment of [Plaintiff] is unnecessarily or wilfully delaying the performance and completion of the

work" (Court File No. 146, Exh. B). Plaintiff exercised this contractual right in July 2003 when it terminated the Contract. Although OCI may not have been able to *completely* finish its end of the bargain because of Plaintiff's failure to turn over data, other tasks unrelated to the data were not completed by OCI. Also, even if Plaintiff owed money to OCI, under the circumstances of this case, Plaintiff still had the right to determine whether Plaintiff was unnecessarily or willfully delaying performance. Lastly, even if the ten month deadline did not apply, Plaintiff still had the right to exercise its judgment in terminating the contract.

Next, OCI argues Plaintiff acted in bad faith when it terminated the Contract (*See* Court File No. 175, pp. 7-8). This is an attempt by OCI to rehash the same arguments it made prior to the Court's decision on Plaintiff's summary judgment motion. The Court very carefully considered OCI's arguments at the summary judgment stage giving OCI all the latitude allowed by the law and determined there was insufficient evidence for a reasonable fact finder to conclude Plaintiff acted in bad faith when it terminated the Contract. The Court has not been provided with any facts or law to conclude its decision was incorrect. As such, the Court will not grant the relief requested by OCI. *See Gen. Truck Drivers, Chauffeurs, Warehousemen & Helpers v. Dayton Newspapers, Inc.*, 190 F.3d 434, 445-46 (6th Cir. 1999) (affirming denial of a motion to amend where the movant made the same argument it had made at the summary judgment stage and explaining "the [movant] is simply seeking a second bite of the apple in bringing its motion to amend").

The Court also notes OCI's argument the Court erred in its "reliance" on *Wallace v. Nat'l Bank of Commerce*, 938 S.W.2d 684, 686-87 (Tenn. 1996) (*See* Court File No. 175, pp. 3-4). OCI contends the facts of *Wallace* and the current case are distinguishable. The Court is puzzled by OCI's argument. The Court did not rely on the facts of *Wallace*; rather, the Court cited *Wallace* for

3

the proper standard to apply in interpreting the Contract's termination language (*See* Court File No. 164, p. 16).  Specifically, the Court cited *Wallace* to show in Tennessee contracts have an implied duty of good faith but that duty varies depending on the individual contract and the intention of the parties. *Id.*  OCI does not contest this legal standard.  In fact, OCI relies on this duty of good faith as a basis for its motion to reconsider.  Regardless, even if the termination clause in this case is not as broad and absolute as the termination clause in *Wallace*, it is broad enough to allow Plaintiff to terminate the Contract.

### III. CONCLUSION

In sum, OCI has not demonstrated the Court made a clear error of law and OCI has failed to show any manifest injustice.  Accordingly, the Court will **DENY** OCI's motion for partial reconsideration.

An order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**